UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler |
| v. | : | Mag. No. 11-653 |
| THOMAS CRITTEN | : | SCHEDULING AND CONTINUANCE ORDER |

This matter having come before the Court on the joint motion of Paul J. Fishman, United States Attorney for the District of New Jersey (Jane H. Yoon, Assistant U.S. Attorney, appearing), and the defendant Thomas Critten (Donald M. McCauley, Esq., appearing), for an order (1) continuing the proceedings in the above-captioned matter for a period of 60 days from February 1, 2012 through April 2, 2012 and excluding the period of February 1, 2012 through April 2, 2012 for purposes of computing time under the Speedy Trial Act of 1974, and (2) continuing the trial date from January 24, 2012 to April 2, 2012, to allow for the additional time to engage in further plea negotiations and to allow both parties to effectively prepare for trial and/or scheduling a status conference; and for good cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

(1) Plea agreements have been provided to the defendant and plea negotiations are currently in progress, and both the United States and the defendant desire additional time to finalize a plea agreement, which would render trial of this matter unnecessary;

(2) The charges in this case are the result of an investigation involving several witnesses and discovery that defense counsel requires adequate time to review;

(3) Taking into account the exercise of diligence, therefore, the facts of this case require that both parties be permitted a reasonable amount of additional time for effective preparation for trial in this matter if a plea agreement cannot be reached;

(4) Defendant, being aware that he has the right to have the matter brought to trial within 70 days of the date of his appearance before a judicial officer of this court pursuant to Title 18 of the United States Code, Section 3161(c)(1), has consented to the aforementioned continuance and joins in the government's request for relief, including the request for a new trial date; and

(5) As a result of the foregoing, pursuant to Title 18 of the United States Code, Section 3161(h)(7)(a), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS, therefore, on this 10 day of January 2012,

ORDERED that this action be, and hereby is, continued for a period of 60 days from February 1, 2012 through April 1, 2012; and it is further

ORDERED that the period from February 1, 2012 through April 1, 2012 shall be excludable in computing time under the Speedy Trial Act of 1974; and it is further

ORDERED that the trial in this matter shall be set for April 2, 2012, and/or a status conference shall be held on 3/12/12, 2012 at 10:30 (a.m.)/p.m.

HON. STANLEY CHESLER
United States District Judge



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700  (973)645-2700
Newark, NJ 07102

January 9, 2012

The Hon. Stanley R. Chesler
United States District Judge
Martin Luther King, Jr. Federal Building
  & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:  *United States v. Thomas Critten*
         Crim. No. 11-653 (SRC)

Dear Judge Chesler:

    Please accept this motion on behalf of the United States and the defendant Thomas Critten ("the defendant") seeking: (1) to continue the trial date of the above-referenced matter, which is currently set for January 24, 2012, to April 2, 2012 and/or to confer with the Court concerning the status of the case, including scheduling matters; and (2) to exclude the 60-day period from February 1, 2012 through April 2, 2012 for purposes of computing time under the Speedy Trial Act of 1974 (hereinafter "the Speedy Trial Act"). Given the additional time that will be necessary for both parties to effectively prepare for trial, and taking into account the exercise of due diligence, the government submits that the interests of justice served by resetting the trial date and by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial.

    Defendant Thomas Critten ("the defendant") was charged by a one-count indictment on September 27, 2011 for a violation of Title 18, United States Code, Section 922(g). The defendant appeared before United States Magistrate Judge Michael A. Shipp on October 5, 2011 and was released pursuant to certain conditions of bail. The defendant was arraigned before this Court on October 7, 2011, and conditions of bail were continued. On or about October 19, 2011 and December 7, 2011, this Court signed two continuance orders excluding October 17, 2011 through January 31, 2012 for purposes of computing time under the Speedy Trial Act, in order to allow the parties, among other things, to

negotiate a plea agreement in the case. The government sent two plea agreements to the defendant, on October 14, 2011 and November 30, 2011, respectively, pursuant to plea negotiations. In the Court's December 7, 2011 Order, trial was set for January 10, 2012, 21 days before the expiration of the continuance period.

Up until last week, both parties believed that the matter could and likely would be resolved pursuant to a plea agreement. On January 5, 2012, counsel for the defendant conveyed to the government that a plea, in fact, may not be reached. Counsel for the defendant further advised that: (1) he has been called for jury duty on January 10, 2012; (2) he has discussed the second plea agreement with the defendant, as recently as January 5, 2012; and (3) he intends to pursue further discussion of the plea agreement with the defendant in the near future. Late last week, the government also was advised by Pre-Trial Services that: (1) the defendant had not demonstrated a clear pattern of compliance with his conditions of release, including failure to appear for appointments with pre-trial services and failed drug screening tests; and (2) the defendant had reported on January 5, 2012 for a substance abuse evaluation.

In light of these new circumstances, the government conferred further with defense counsel and contacted chambers on January 5, 2012 to request a status conference with the Court to discuss, among other things, the trial date. In response to this request, the trial date was re-set from January 10, 2012 to January 24, 2012.

Because both parties still would like to continue plea negotiations and need additional time to effectively prepare for trial, we respectfully request: (1) a trial date on April 2, 2012 (the continuance end date set forth in the enclosed proposed order) and/or the opportunity to confer with the Court regarding the trial date; and (2) a continuance excluding time from February 1, 2012 through April 2, 2012.

Under the Speedy Trial Act, any period of delay resulting from a continuance granted by a judge on his own motion, or at the request of the defendant or his counsel or an attorney for the Government shall be excluded in computing the time within which the trial of any offense may commence if the Court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." See 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance under subparagraph (A), a judge may consider, among other factors, "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a

continuation of such proceeding impossible, or result in a miscarriage of justice," see 18 U.S.C. § 3161(h)(7)(B), or "[w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would unreasonably deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

The interests of justice served by setting a later trial date and granting the request for a continuance from February 1, 2012 through April 2, 2012 to allow both parties additional time to effectively prepare for trial (and continue plea negotiations) outweigh the interest of the public and the defendant in a speedy trial, particularly where this relief is jointly requested.

Accordingly, we jointly respectfully request entry of an order: (1) re-setting the trial date of January 24, 2012 to April 2, 2012 and/or scheduling a status conference to discuss, among other things, scheduling in this matter; and (2) continuing these proceedings for a period of 60 days, from February 1, 2012 through April 2, 2012 and excluding such time for purposes of computing time under the Speedy Trial Act to allow for further plea discussions and effective preparation for trial. If the proposed Order meets with your Honor's approval, kindly execute the original and have your deputy file it with the Clerk.

Thank you very much for your consideration.

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

BY: Jane H. Yoon
Assistant U.S. Attorney

AGREED TO BY:

Donald McCauley, Esq.
Counsel for defendant Thomas Critten

3